IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| RONNIE SMITHERMAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:23-00465-KD-N |
| | ) |
| CLOUDTRUCKS, LLC, *et al.*, | ) |
| Defendants. | ) |

**REPORT & RECOMMENDATIONS**

This action is before the Court on two motions filed by Plaintiff Ronnie Smitherman: a motion to remand (Doc. 6), which has been briefed (*see* Docs. 7, 10), and a motion to amend the complaint (Doc. 13).[1] Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** both motions be **DENIED**.

*I.   Background*

Plaintiff Ronnie Smitherman initiated this action in the Circuit Court of Dallas County, Alabama on January 26, 2023. (Docs. 5, 5-2). The original complaint brought Alabama state law causes of action for negligence/wantonness and negligent hiring/training/supervision against Defendant Cloudtrucks, LLC ("Cloudtrucks") arising from a motor vehicle accident involving Plaintiff and Dewayne Wooten ("Wooten"), a Cloudtrucks employee who Plaintiff contends was operating within the scope of employment at the time of the accident. (Doc. 5-2).[2] Plaintiff asserted this

---

[1] The District Judge assigned to this case has referred both motions to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a)-(b). (1/26/2024; 2/21/2024 elec. refs.).

[2] The initial complaint also named several fictitious defendants, identified merely as others "whose wrongful conduct, either caused or contributed to cause injuries and damages to the Plaintiff." (Doc. 5-2, PageID.109).

1

accident resulted in "serious injuries," but did not specify those injuries. (*Id.*). For relief, he sought compensatory and punitive damages of an unstated amount, including but not limited to, future pain and suffering, mental anguish and emotional distress. (*Id.*).

Discovery ensued in state court. Cloudtrucks propounded interrogatories and requests for production, and Plaintiff submitted responses November 10, 2023. (Docs. 5, 5-2). Plaintiff's discovery responses indicate he incurred $104,528.02 in medical bills after the accident and that his truck was totaled. (Doc. 5-2, PageID.172-73). Plaintiff's insurance paid the medical bills and for the totaled truck. (*Id.*). The responses further clarify Plaintiff's primary injury was a broken sternum, that he continues to have pain in his neck and back as a result, and that he continues to attend physical therapy, but does not believe his injuries are permanent. (*Id.*). The responses do not discretely address injuries and/or damages related to mental anguish or emotional distress. (*Id.*).

On December 8, 2023, Cloudtrucks timely removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1441, 1446. (Doc. 1).[3] The undersigned ordered an amended notice of removal be filed to adequately allege the citizenship of Cloudtrucks' sole member, Tobenna Arodiogbu (Doc. 4), and an amended notice was timely filed December 15, 2023. (Doc. 5). The amended notice of removal asserts there is complete diversity among the parties and the that amount

---

3 Removal of this action on December 8, 2023 is timely based on Plaintiff's November 10, 2023 discovery responses, which were the first "other paper from which it may... be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3). *See* 28 U.S.C. §§ 1446(c)(3)(A).

in controversy exceeds $75,000. (*Id.*). Plaintiff now seeks remand of this action to state court on the basis that the amount in controversy does not exceed the $75,000 jurisdictional minimum. (Doc. 6).

## II.     *Legal Standard – Subject Matter Jurisdiction*

The subject-matter jurisdiction of federal courts is limited to certain justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2. Among them, federal district courts are statutorily authorized to adjudicate "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between… citizens of different states." 28 U.S.C. § 1332(a). Satisfying these threshold requirements is a necessity for a party seeking to invoke a federal court's diversity jurisdiction, because "if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). *See City of S. Miami v. Governor of Florida*, 65 F.4th 631, 636 (11th Cir. 2023) ("This Court has 'an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute'"); *Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022) ("Because federal courts lack general jurisdiction, it is presumed that a cause lies outside of our limited jurisdiction. The burden on establishing the contrary rests upon the party asserting jurisdiction") (cleaned up)).

As to citizenship, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). The key fact that must be

3

alleged for diversity jurisdiction purposes is citizenship, not residence. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

With respect to the amount in controversy requirement, it can generally be satisfied by "claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). To dismiss a claim for failure to allege the jurisdictional minimum, "[i]t must appear to a legal certainty that the claim is really for less…" *Id.* (citing *Red Cab Co.*, 303 U.S. at 289) (alteration in original). However, for claims based on indeterminate damages, "the *Red Cab Co.* 'legal certainly' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* (citations omitted). This additional requirement is "warranted because there is simply no estimate of damages to which a court may defer." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (citation omitted).

### III. *Legal Standard – Amended & Supplemental Pleadings*

Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings in federal court. Under Rule 15(a)(1), parties may amend a pleading once as a matter of course:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

4

Fed. R. Civ. P. 15(a)(1)(A)-(B).

In all other cases, amendment is only permitted with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). However, leave to amend should be given freely "when justice so requires." *Id. See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

## IV.  *Discussion*

The only matter raised by Plaintiff's motion to remand is that the jurisdictional minimum amount is not satisfied. (Doc. 6). The parties do not contest that their citizenships are completely diverse (Docs. 1, 5, 6, 10) or that venue would be proper in this district, and the undersigned's independent review of those aspects of this case confirms they are not at issue. Plaintiff's motion to amend seeks to add an "addendum clause," providing that "[a]t no point will the Plaintiff request of accept an amount over $74,500 from the Defendant to resolve this matter," in what appears to be a thinly veiled and futile attempt to manufacture a basis for remand. (Doc. 13).

Plaintiff's motion to remand begins with an incorrect premise that "[t]he 11th Circuit has consistently held that the value of the object of the litigation must be considered solely from the Plaintiff's perspective and not from the Defendant's perspective." (Doc. 6, PageID.188 (citing *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th

5

Cir. 2014)). In the context of a removed action seeking injunctive or declaratory relief, that is generally correct. *See e.g., Cohen v. Office Depot, Inc.*, 204 F.3d 1068, 1077 (11th Cir. 2000). However, Plaintiff does not seek either injunctive or declaratory relief – instead, his claim is one of indeterminate damages, and when a plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Indeed, *Dudley* – the case cited by Plaintiff for his incorrect baseline premise – observes "a court may rely on evidence put forward by the removing defendant, as well as reasonable inference and deductions drawn from that evidence" in determining the amount in controversy. 778 F.3d at 913 (cleaned up). For removal actions based on indeterminate damages, what matters is "how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751 (citations omitted). Also relevant here is the long-standing and well-settled principle that a plaintiff's attempt to reduce the relief sought "by stipulation, by affidavit, or by amendment of his pleadings" after removal "does not deprive the district court of jurisdiction" when it is proper in the first instance. *Red Cab Co.*, 303 U.S. at 292 (footnote omitted).

Cloudtrucks contends the jurisdictional minimum is satisfied based upon the $104,528.02 in medical bills described in Plaintiff's state court discovery responses, coupled with Plaintiff's asserted claims for pain and suffering and mental anguish. (Doc. 5). In seeking to establish the jurisdictional minimum is not satisfied, Plaintiff

primarily points to a $72,000 settlement demand sent to Cloudtrucks on January 10, 2024 – the day before filing his motion to remand. (Docs. 6, 6-4). While this settlement offer "counts for something," that figure alone is not determinative or dispositive. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. July 31, 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence") (footnote omitted)). This is especially true when the settlement demand is over-generalized and unspecific, as is the case here. *Id.* (citations omitted) (*see* Doc. 6-4). Moreover, this post-removal demand has little bearing on the Court's evaluation of the amount in controversy "at the time of removal." *Pretka*, 608 F.3d at 751.

Plaintiff secondarily and very briefly points to the fact that the $104,528.02 in medical bills have been paid by Plaintiff's insurance provider and that Plaintiff has received a subrogation claim from that insurer for $3,377.67. (Doc. 6). While no argument is advanced on this point, the undersigned notes the mere fact that insurance has already paid this amount will not otherwise impact the amount of damages which Plaintiff could claim from Cloudtrucks. *See Crocker v. Grammer*, 87 So. 3d 1190, 1193 (Ala. Civ. App. 2011) ("Under the common-law collateral-source rule, 'an amount of damages is not decreased by benefits received by a plaintiff from a source wholly collateral to and independent of the wrongdoer'") (citation omitted)).

Given the little weight a plaintiff's settlement demand is afforded in the first instance to establish the jurisdictional minimum, along with the facts that this

7

particular demand lacks specificity and was only made after removal, the undersigned is not persuaded the demand is indicative of the amount in controversy here. Further, the collateral-source rule does not otherwise impact the viability of Cloudtrucks' use of the $104,528.02 in medical bills to establish the amount in controversy. *See Crocker*, 87 So. 3d at 1193. And this is before even considering potential damages for Plaintiff's claims of pain and suffering, mental anguish and emotional distress, which would only increase the relevant jurisdictional amount. Accordingly, the undersigned finds Cloudtrucks has established by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied, such that this Court may properly exercise diversity jurisdiction over the removed action. 28 U.S.C. § 1332. Therefore, the undersigned **RECOMMENDS** Plaintiff's motion to remand (Doc. 6) be **DENIED**.

As to Plaintiff's motion to amend the complaint, which seeks to add an addendum stating "[a]t no point will the Plaintiff request or accept an amount over $74,500 from the Defendant to resolve this matter," it is also **RECOMMENDED** that this motion be **DENIED**.

Plaintiff's time to amend as a matter of course has passed, and there is no indication that defendant's consent has been given, such that Plaintiff may only amend with the Court's leave. Fed. R. Civ. P. 15(a)(1). While leave should be "freely given" in many circumstances, Plaintiff's attempt to amend here appears aimed at manufacturing a basis for remand to deprive the Court of jurisdiction under 28 U.S.C. § 1332. Such an effort is futile, because even if the motion to amend were granted,

this Court's jurisdiction would not detach. *Foman*, 371 U.S. at 182. *See Red Cab Co.*, 303 U.S. at 293 (explaining "events occurring subsequent to removal which reduce the amount recoverable… do not oust the district court's jurisdiction once it has attached"). The motion also fails to comport with this Court's local rules for amended and supplemental pleadings, which in relevant part provide such motions must "reproduce the entire pleading as amended" and be "filed as an attachment to the motion to amend." *See* S.D. Ala. CivLR 15(a)-(b). Plaintiff's motion does neither and is presented only as a one-page "addendum" to his initial complaint. (Doc. 13).

## V. *Conclusion*

Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Plaintiff's motion to remand (Doc. 6) be **DENIED**, as Cloudtrucks has shown by a preponderance of the evidence that this Court's jurisdiction has been properly invoked under 28 U.S.C. § 1332. Further, the undersigned **RECOMMENDS** Plaintiff's motion to amend (Doc. 13) be **DENIED**, as the attempted amendment is both futile and non-compliant with the Court's local rules.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of March 2024.

>*/s/ Katherine P. Nelson*
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**