IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RONNIE EARL SMITHERMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:23-00465-KD-N |
| | ) |
| **CLOUDTRUCKS, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the second motion to remand filed by Plaintiff Ronnie Earl Smitherman (doc. 27) and Cloudtrucks, LLC's response (doc. 28).

I. Background

Plaintiff Smitherman alleges that he was injured in a motor vehicle accident on November 3, 3022 (doc. 1-1, p. 3). He alleges that Dewayne Wooten "was operating a Cloudtrucks tractor trailer within the line and scope of his employment … when he stopped the tractor trailer in the middle of the westbound lane without using any caution lights or cones." (Id.). Smitherman alleges he "was operating a vehicle traveling westbound" on the highway, "when he collided into the rear of the stopped tractor trailer, causing serious injuries" (Id.).

In an un-numbered "Count", Smitherman alleges negligence and wantonness against Cloudtrucks based upon Wooten's negligent and/or wanton operation of the tractor trailer. (Id.) In Count III (there is no Count II), Smitherman alleges that Cloudtrucks "negligently hired, trained, and/or supervised their drivers, servant, and/or agent" Wooten (Id., p 4). Smitherman demanded punitive and compensatory damages for his injuries.

Cloudtrucks removed this action from the Circuit Court of Dallas County, Alabama (doc. 1). As grounds, Cloudtrucks asserts that there is diversity of citizenship and the amount in controversy exceeds $75,000.00. In support, Cloudtrucks relied upon Smitherman's response to discovery wherein he provided "medical bills totaling $104,528.02 to support his claim for damages." (Id.; Ex. B). Cloudtrucks alleged that Smitherman is a citizen of Alabama, Wooten is a citizen of Louisiana, and Cloudtrucks' sole member, Tobenna Arodiogbu, is a citizen of California (doc. 1, p. 3; doc. 5, amended notice of removal).

Smitherman moved to remand (doc. 6) and to amend his complaint (doc. 13). The motions were denied (doc. 14, report and recommendation; doc. 15, order adopting report and recommendation). As to the motion to remand, Smitherman argued that the amount in controversy was not satisfied because he had offered to settle the action for an amount lower than $75,000.00. However, the Court found, inter alia, that the post-removal settlement demand did not alter the Court's evaluation of the amount in controversy at the time of removal. The Court also found that the total of medical bills, even though most had been paid from a collateral source, and without consideration of damages for pain and suffering, etc., showed that Cloudtrucks had established by a preponderance of the evidence that the amount in controversy was met.

II. <u>Analysis</u>

Smitherman has now filed a second motion for remand (doc. 27). As grounds, he argues that the Court lacks subject matter jurisdiction because events occurring after removal indicate that the amount in controversy is less than $75,000.00. Specifically, at the "time of removal of this action", Smitherman "was thinking of having surgery" but has now "decided not to have the

surgery, wherein the value of this case would be less than $75,000." (Id., p. 1).  Smitherman also argues that he recently sent an email to defense counsel stating that he would accept $65,000.00 to settle this action (Id.).  From this Smitherman reasons that the amount in controversy requirement is no longer met, and the action should be remanded.

As previously explained, "for removal actions based on indeterminate damages, what matters is 'how much is in controversy at the time of removal, not later.'" (doc. 14, p. 6) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted).  Additionally, "… the district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Poore v. American–Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in* Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir.2007).  Smitherman's post-removal decision not to have surgery and reduced settlement offer may indicate that the damages recoverable are below the amount in controversy, but these are the sort of "events occurring after removal" that do not divest the Court of subject matter jurisdiction.  See Ray v. GPR Hosp. LLC, No. 1:14-CV-1309-CC, 2015 WL 4717400, at *5 (N.D. Ga. Aug. 7, 2015) (finding that resuming sports activities following a remarkable repair to the finger and lowering the settlement demand to $35,000, were post-removal events that may reduce the amount of damages recoverable below the required amount in controversy, but did not deprive the Court of subject matter jurisdiction).

Smitherman also argues that Cloudtrucks was ordered to file an amended notice of removal to properly allege its citizenship (doc. 4) but failed to do so.  From this, Smitherman asserts that diversity of citizenship was not established and therefore, the Court lacks subject

matter jurisdiction. Smitherman is mistaken. On December 15, 2023, Cloudtrucks timely filed an amended notice of removal wherein it sufficiently asserted its citizenship (doc. 5)

III. Conclusion

For the reasons set forth herein, Smitherman's second motion to remand (doc. 27) DENIED.

**DONE** and **ORDERED** this 19th day of February 2025.

                                                    **s/ Kristi K. DuBose**
                                                    **KRISTI K. DuBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**